Case 1:19-cr-00054-RM   Document 10   Filed 04/15/19   USDC Colorado   Page 1 of 29
Case 3:19-mj-03047-KAR   Document 2   Filed 02/26/19   Page 1 of 3
Case 1:19-cr-00054-WYD *SEALED*   Document 1   Filed 02/05/19   USDC Colorado   Page 1 of 2

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Criminal Case No.   19-cr-54  WYD

UNITED STATES OF AMERICA,

     Plaintiff,

**19mj 3047 (KAR)**

v.

1.  LILY WHEELER,

     Defendant.

---

### INDICTMENT

---

The Grand Jury charges:

### COUNT 1

On or about August 4, 2017, in the State and District of Colorado, the defendant, LILY WHEELER, on an aircraft in the special aircraft jurisdiction of the United States, did knowingly interfere with the duties of D.D., a flight crew member or flight attendant of the aircraft, and lessen the ability of the member or attendant to perform those duties, by assaulting and intimidating the flight attendant or flight crew member.

All in violation of Title 49, United States Code, Section 46504.

### COUNT 2

On or about August 4, 2017, in the State and District of Colorado, the defendant, LILY WHEELER, on an aircraft in the special aircraft jurisdiction of the United States, did knowingly interfere with the duties of E.C., a flight crew member or flight attendant of

Case 1:19-cr-00054-RM   Document 10   Filed 04/15/19   USDC Colorado   Page 2 of 29
Case 3:19-mj-03047-KAR   Document 2   Filed 02/26/19   Page 2 of 3
Case 1:19-cr-00054-WYD *SEALED*   Document 1   Filed 02/05/19   USDC Colorado   Page 2 of 2

the aircraft, and lessen the ability of the member or attendant to perform those duties,

by assaulting and intimidating the flight attendant or flight crew member.

All in violation of Title 49, United States Code, Section 46504.

A TRUE BILL:

Ink signature on file in Clerk's Office
FOREPERSON

JASON R. DUNN
United States Attorney

By: s/ Justin M. DeRosa
Justin M. DeRosa
Assistant United States Attorney
United States Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone:  303-454-0100
Fax:  303-454-0406
E-mail:  justin.derosa@usdoj.gov
Attorney for the United State

Case 1:19-cr-00054-RM   Document 10   Filed 04/15/19   USDC Colorado   Page 3 of 29
Case 3:19-mj-03047-KAR   Document 2   Filed 02/26/19   Page 3 of 3
Case 1:19-cr-00054-WYD *SEALED*   Document 2   Filed 02/05/19   USDC Colorado   Page 1 of 1

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| LILY WHEELER | ) | |
| | ) | |
| Defendant | ) | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   LILY WHEELER ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

49 U.S.C. § 46504 - - Interference with Flight Crew Members and Attendants

Date:   2/5/2019

_s/E. Van Alphen, Deputy Clerk_
*Issuing officer's signature*

City and state:   Denver, Colorado

Jeffery P. Colwell, Clerk of Court
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____ |
| _____ |
| *Arresting officer's signature* |
| _____ |
| *Printed name and title* |

AO 458 (Rev. 06/09)  Appearance of Counsel

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

|  |  |  |  |
|---|---|---|---|
| USA | ) | | |
| _Plaintiff_ | ) | Case No. | 19-cr-54 WYD |
| v. | ) | | |
| Wheeler | ) | | |
| _Defendant_ | ) | | |

## APPEARANCE OF COUNSEL

To:     The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

Lily Wheeler A/K/A Lily Reske

Date:  2/26/19

_____
_Attorney's signature_

Luke Ryan  664589
_Printed name and bar number_

100 Main St. N'ton, MA
_Address_

lryan@strhlaw.com
_E-mail address_

(413) 586-4800
_Telephone number_

413-582-6419
_FAX number_

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   3:19-mj-3047 (KAR) |
| LILY WHEELER | ) | |
| | ) | Charging District's Case No.   1:19-cr-054 (WYD) |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* _____
District of Colorado                                      .

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been
committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise,
unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒     an identity hearing and production of the warrant.

☐     a preliminary hearing.

☒     a detention hearing.

☒     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary
or detention hearing to which I may be entitled in this district.  I request that my
☒ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by
that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are
pending against me.

Date:  2/26/19                                   _____
                                                         *Defendant's signature*

                                                         _____
                                                         *Signature of defendant's attorney*

                                                         L. Jhe Ryan
                                                         *Printed name of defendant's attorney*

**United States District Court**
**District of Massachusetts**

FILED
IN CLERKS OFFICE

2019 FEB 26  PM 2: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| LILY WHEELER | ) |
| AKA LILY RESKE, | ) |
| | ) |
| Defendant. | ) |

Case No. 19-mj-3047 (KAR)

### ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the release of the Defendant is subject to the following conditions:

(1)    The Defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2)    The Defendant shall maintain his residence.  Defendant shall advise the court, Pretrial Services, defense counsel and the U.S. attorney in writing at least ten days before any proposed change in address and telephone number.

(3)    The Defendant shall report as soon as possible, but no later than twenty-four hours after, to the Pretrial Services office any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

(4)    Defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. 14135a.

(5)    The Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The Defendant shall next appear at (if blank, to be notified)

#### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the Defendant be released provided that:

( )    (5)  The Defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( )    (6)  The Defendant shall execute an unsecured bond binding the Defendant to pay the United States the sum of dollars (  ) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed, or for any violation of any condition(s) of release.

#### Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of Defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of Defendant is subject to the conditions marked below:

( )    (7)  The Defendant is placed in the custody of:
        (Name of Person/organization) _____

        (Address) _____

        (Signature of Custodian) _____

who agrees (a) to supervise the Defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the Defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the Defendant violates any conditions of release or disappears.

**(X)**     (8)  The Defendant shall:

**(X) (a)**   **report to <u>Pretrial Services</u>, as directed.**

( ) (b)    execute a bond or an agreement to forfeit upon failing to appear as required, or for any violation of any condition(s) of release, the following sum of money or designated property:_____.

( ) (c)    post with the court the following indicia of ownership of the above-described property: <u>documentation as set forth in "Recommended Procedure for the Posting of Real Property as Security for Defendant's Appearance Bond in Criminal Cases"</u>

( ) (d)    execute a bail bond with solvent sureties in the amount of $

**(X) (e)**   **maintain/actively seek employment and submit ongoing verification to Pretrial Services as directed.**

( ) (f)    maintain or commence an education program.

( ) (g)    surrender passport to Pretrial Services.

**(X) (h)**   **obtain no passport or any other travel documents.**

**(X) (i)**   **abide by the following restrictions on personal association or travel:** <u>Travel is restricted to the District of Massachusetts and to/from the District of Colorado for court purposes without prior permission from the Probation and Pretrial Department.</u>

( ) (j)    avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:

( ) (k)    undergo medical or psychiatric treatment and/or remain in an institution as follows: <u> as directed by the Probation and Pretrial Department.</u>

( ) (l)    return to custody each (week) day as of ___ o'clock after being released each (week) day as of

**(X) (m)**  **maintain residence and provide Probation with any new address.**

**(X) (n)**   **refrain from possessing a firearm, destructive device, or other dangerous weapons. All firearms to be removed from the house forthwith and the same certified to Pretrial Services.**

**(X) (o)**   **refrain from (X) any ( ) excessive use of alcohol.**

**(X) (p)**   **refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.**

**(X) (q)**   **submit to any method of testing required by the Pretrial Services Officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall refrain from obstructing or attempting to obstruct or tamper in any fashion with the efficiency and accuracy of any testing which is required as a condition of release.**

**(X) (r)**   **participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the Pretrial Services Officer.**

( ) (s)    participate in one of the following home confinement program components. Defendant shall refrain from obstructing or attempting to obstruct or tamper in any fashion with the efficiency and accuracy of any electronic monitoring equipment which is required as a condition of release and shall abide by all the requirements of the home confinement program which (X) will or ( ) will not include the following location verification system: (X) electronic monitoring bracelet OR ( ) Voice Identification system:

        ( ) (i)   **Curfew**. You are restricted to your residence every day () from___ to___, or ( ) as directed by the Pretrial Services Officer; or,

        ( ) (ii)   **Home Detention**. You are restricted to your residence at all time except as pre-approved by the court; or,

        ( ) (iii)   **Home Incarceration**. You are restricted to your residence at all times except as pre-approved by the court.

( ) (t)    make payments toward a fund which can ultimately be used to compensate appointed counsel, as required in the companion order issued in this matter pursuant to 18 U.S.C. § 3006A.

( ) (u)    submit to the location monitoring installed in the home by Probation and Pretrial Services and abide by all of the program requirements and instructions provided by the pretrial services office or supervising officer related to the proper operation of the technology.

        ( ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

( ) (v)    I acknowledge that a warrant for my arrest has been signed by an authorized judicial officer and is being held in abeyance. The warrant may be activated without notice to me if I abscond in violation of the conditions of my release on electronic monitoring.

( ) (w)   Defendant is not to associate with any convicted felon(s) or person(s) engaged in criminal activity.

### Advise of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of any crime while on pre-trial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to five years of imprisonment, and a $250,000 fine or both to intimidate of attempt to intimidate a witness, victim, juror, informant or officer of the court, or to obstruct a criminal investigation.  It is also a crime punishable by up to ten years of imprisonment, a $250,000 fine or both, to tamper with a witness, victim or informant, or to retaliate against a witness, victim or informant, or to threaten or attempt to do so.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service and additional punishment may be imposed.  If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both;

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

I acknowledge that I am the Defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed.  I am aware of the penalties and sanctions set for above.

Signature of Defendant _____

Telephone Number  413·834·2576

### Directions to United States Marshal

(X)   **The Defendant is ORDERED released after processing.**

( )   The United States marshal is ORDERED to keep the Defendant in custody until notified by the clerk or judicial officer that the Defendant has posted bond and/or complied with all other conditions for release. The Defendant shall be produced before the appropriate judicial at the time and place specified, if still in custody.

Date:  February 26, 2019

_____
KATHERINE A. ROBERTSON
United States Magistrate Judge

Case 1:19-cr-00054-RM   Document 10   Filed 04/15/19   USDC Colorado   Page 9 of 29
Case 3:19-mj-03047-KAR   Document 7   Filed 02/26/19   Page 1 of 1
Case 1:19-cr-00054-WYD *SEALED*   Document 2   Filed 02/05/19   USDC Colorado   Page 1 of 1

AO 442 (Rev. 01/09)  Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| LILY WHEELER | ) | |
| | ) | |
| Defendant | ) | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   LILY WHEELER                                                                                             ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

49 U.S.C. § 46504 - - Interference with Flight Crew Members and Attendants

Date:    2/5/2019                                                    s/E. Van Alphen, Deputy Clerk
                                                                            *Issuing officer's signature*

City and state:    Denver, Colorado                    Jeffrey P. Colwell, Clerk of Court
                                                                            *Printed name and title*

---

### Return

This warrant was received on *(date)*  02-14-19  , and the person was arrested on *(date)*  02-26-19
at *(city and state)*  Springfield, MA              .

Date:  02-26-19                                                    _____
                                                                            *Arresting officer's signature*

                                                                    SA  C. Will Ruprecht
                                                                            *Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

      Plaintiff,

      Case No. 1:19-cr-054 (WYD)

      Case No. 19-mj-3047-KAR

v.

LILY WHEELER
a/k/a LILY RESKE,

      Defendant.

## NOTICE OF POSSIBLE FEDERAL RULE OF CRIMINAL PROCEDURE RULE 20(a) REQUEST FOR TRANSFER FOR PLEA AND SENTENCE

      Defendant Lily Reske (previously known by her unmarried name of Lily Wheeler) had an initial appearance pursuant to Fed. R. Crim. P. 5(c)(2) & (3) in the District of Massachusetts before the undersigned on February 26, 2019. She is charged by indictment with two counts of interfering with the duties of a flight member or flight attendant by assaulting or intimidating that flight attendant or flight member on or about August 4, 2017 in violation of 49 U.S.C. § 46504. The government produced a reliable copy of the warrant and the defendant waived her right to an identity hearing in this district. The undersigned found that the defendant was the individual named in the warrant and the indictment. After hearing, the court released the defendant on pretrial conditions. No date was established for her initial appearance in Colorado.

1

At the defendant's initial appearance, through counsel, she informed the court that she might seek a transfer of the case to the District of Massachusetts for plea and sentence pursuant to Fed. R. Crim. P. 20(a).  She requested that her initial appearance in Colorado be delayed to a date after March 14, 2019 so that her attorney could confer with the United States Attorneys for the Districts of Colorado and Massachusetts concerning a possible Rule 20 transfer for plea and sentencing.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
Dated: February 26, 2019                                United States Magistrate Judge

# United States District Court
## District of Massachusetts (Springfield)
## CRIMINAL DOCKET FOR CASE #: <u>3:19−mj−03047−KAR</u>−1

Case title: USA v. Wheeler                    Date Filed: 02/26/2019

---

Assigned to: Magistrate Judge
Katherine A. Robertson

**Defendant (1)**

**Lily Wheeler**                    represented by    **Luke F. Ryan**
                                                      Sasson Turnbull Ryan & Hoose
                                                      100 Main Street, 3rd Flr.
                                                      Northampton, MA 01060
                                                      413−586−4800
                                                      Fax: 4123−746−5767
                                                      Email: <u>lryan@strhlaw.com</u>
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 49 U.S.C. § 46504.F – Interference with Flight Crew Members and Attendants | |

---

**Plaintiff**

**USA**                    represented by    **Christopher L. Morgan**
                                             United States Attorney's Office

Suite 230
United States Courthouse
300 State St.
Springfield, MA 01105
413–785–0269
Email: christopher.morgan2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/26/2019 | 2 | 4 | Rule 5(c)(3) Documents Received as to Lily Wheeler. (Calderon, Melissa) (Entered: 03/01/2019) |
| 02/26/2019 | | | Arrest (Rule 5) of Lily Wheeler. (Calderon, Melissa) (Entered: 03/01/2019) |
| 02/26/2019 | 3 | 7 | NOTICE OF ATTORNEY APPEARANCE: Luke F. Ryan appearing for Lily Wheeler. Type of Appearance: Retained. (Calderon, Melissa) (Entered: 03/01/2019) |
| 02/26/2019 | 4 | 8 | WAIVER of Rule 5 and 5.1 Hearings by Lily Wheeler. (Calderon, Melissa) (Entered: 03/01/2019) |
| 02/26/2019 | 5 | | Electronic Clerk's Notes for proceedings held before Magistrate Judge Katherine A. Robertson: Initial Appearance in Rule 5(c)(3) Proceedings as to Lily Wheeler held on 2/26/2019. Present: AUSA Christopher L. Morgan, Atty Luke F. Ryan, USPO Roldan and Deft. The defendant has retained Atty Ryan to represent her. She informed the Court that her married name is Lily Reske. A copy of the Rule 5 documents were provided to the defendant and discussed with counsel. A Waiver of Rule 5 & 5.1 Hearings (Dkt. No. 4 ) was filed in open court. The Govt was not seeking detention. Conditions of release were established. It is the intention of the parties to explore a Rule 20 transfer. The defendant intends to respectfully request that her appearance be waived in the District of Colorado until a decision has been reached. A status report shall be filed by **3/14/2019**. (Court Reporter Name and Contact or digital recording information: Digital Recording. To order a copy of this Digital Recording, please go to http://www.mad.uscourts.gov/attorneys/Magistrate–Audio.htm . For a transcript of this proceeding, contact Deborah Scalfani by email at deborah_scalfani@mad.uscourts.gov.) (Calderon, Melissa) (Entered: 03/01/2019) |
| 02/26/2019 | 6 | 9 | Magistrate Judge Katherine A. Robertson: ORDER entered. ORDER Setting Conditions of Release as to Lily Wheeler. *See* attached order for complete details. (Calderon, Melissa) (Entered: 03/01/2019) |
| 02/26/2019 | 7 | 12 | Arrest Warrant Returned Executed on 2/26/2019 as to Lily Wheeler. (Calderon, Melissa) (Entered: 03/01/2019) |
| 02/26/2019 | 8 | 13 | Magistrate Judge Katherine A. Robertson: NOTICE of Possible Federal Rule of Criminal Procedure Rule 20(a) Request for Transfer for Plea and Sentence as to Lily Wheeler. *See* attached Notice for complete details. (Calderon, Melissa) (Entered: 03/01/2019) |
| 03/01/2019 | 1 | | |

| | | | ELECTRONIC NOTICE of Case Assignment as to Lily Wheeler; Magistrate Judge Katherine A. Robertson assigned to case. (Danieli, Chris) (Entered: 03/01/2019) |
|---|---|---|---|

Case 1:19-cr-00054-RM   Document 10   Filed 04/15/19   USDC Colorado   Page 15 of 29
Case 3:19-mj-03047-KAR   Document 2   Filed 02/26/19   Page 4 of 14
Case 1:19-cr-00054-WYD *SEALED*   Document 1   Filed 02/05/19   USDC Colorado   Page 1 of 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No.   19-cr-54  WYD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. LILY WHEELER,

     Defendant.

19mj 3047 (KAR)

---

### INDICTMENT

---

The Grand Jury charges:

### COUNT 1

On or about August 4, 2017, in the State and District of Colorado, the defendant, LILY WHEELER, on an aircraft in the special aircraft jurisdiction of the United States, did knowingly interfere with the duties of D.D., a flight crew member or flight attendant of the aircraft, and lessen the ability of the member or attendant to perform those duties, by assaulting and intimidating the flight attendant or flight crew member.

All in violation of Title 49, United States Code, Section 46504.

### COUNT 2

On or about August 4, 2017, in the State and District of Colorado, the defendant, LILY WHEELER, on an aircraft in the special aircraft jurisdiction of the United States, did knowingly interfere with the duties of E.C., a flight crew member or flight attendant of

1

the aircraft, and lessen the ability of the member or attendant to perform those duties,

by assaulting and intimidating the flight attendant or flight crew member.

All in violation of Title 49, United States Code, Section 46504.

A TRUE BILL:


Ink signature on file in Clerk's Office
FOREPERSON


JASON R. DUNN
United States Attorney

By: *s/ Justin M. DeRosa*
Justin M. DeRosa
Assistant United States Attorney
United States Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  justin.derosa@usdoj.gov
Attorney for the United State

2

5

Case 1:19-cr-00054-RM   Document 10   Filed 04/15/19   USDC Colorado   Page 17 of 29
Case 3:19-mj-03047-KAR   Document 2   Filed 02/26/19   Page 6 of 14
Case 1:19-cr-00054-WYD *SEALED*   Document 2   Filed 02/05/19   USDC Colorado   Page 1 of 1

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. |
| LILY WHEELER | ) |
| | ) |
| _Defendant_ | ) |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_   LILY WHEELER                                                                                  ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

49 U.S.C. § 46504 - - Interference with Flight Crew Members and Attendants

Date:     2/5/2019

_s/E. Van Alphen,  Deputy Clerk_
_Issuing officer's signature_

City and state:     Denver, Colorado

Jeffery P. Colwell, Clerk of Court
_Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_ _____, and the person was arrested on _(date)_ _____ at _(city and state)_ _____ . |
| Date: _____ |
| _____ _Arresting officer's signature_ |
| _____ _Printed name and title_ |

AO 458 (Rev. 06/09)  Appearance of Counsel

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| | )
|---|---|
| _USA_ | ) |
| Plaintiff | ) |
| v.  _Wheeler_ | ) Case No. _19-cr-54 WYD_ |
| Defendant | ) |

## APPEARANCE OF COUNSEL

To:   The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

_Lily Wheeler A/K/A Lily Reske_

Date: _2/26/19_

_____
Attorney's signature

_Luke Ryan  664589_
Printed name and bar number

_100 Main St. N'ton, MA_
Address

_lryan@strhlaw.com_
E-mail address

_(413) 586-4800_
Telephone number

_413-582-6419_
FAX number

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   3:19-mj-3047 (KAR) |
| LILY WHEELER | ) | |
| | ) | Charging District's Case No.   1:19-cr-054 (WYD) |
| _Defendant_ | ) | |

### WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the _(name of other court)_ _____

District of Colorado                                                                                               .

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)    a hearing on any motion by the government for detention;

(6)    request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒    an identity hearing and production of the warrant.

☐    a preliminary hearing.

☒    a detention hearing.

☒    an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district.  I request that my
       ☒ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:   _2/26/19_

_____
Defendant's signature

_____
Signature of defendant's attorney

_____L. John Ryan_____
Printed name of defendant's attorney

**United States District Court**
**District of Massachusetts**

FILED
IN CLERKS OFFICE

2019 FEB 26  PM 2: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA,      )
                               )
                  Plaintiff,   )          Case No. 19-mj-3047 (KAR)
           v.                  )
                               )
                               )
LILY WHEELER                   )
 AKA LILY RESKE,               )
                               )
                  Defendant.   )

### ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the release of the Defendant is subject to the following conditions:

(1)    The Defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2)    The Defendant shall maintain his residence.  Defendant shall advise the court, Pretrial Services, defense counsel and the U.S. attorney in writing at least ten days before any proposed change in address and telephone number.

(3)    The Defendant shall report as soon as possible, but no later than twenty-four hours after, to the Pretrial Services office any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

(4)    Defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. 14135a.

(5)    The Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The Defendant shall next appear at (if blank, to be notified)

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the Defendant be released provided that:

        ( )    (5)  The Defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

        ( )    (6)  The Defendant shall execute an unsecured bond binding the Defendant to pay the United States the sum of dollars (  ) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed, or for any violation of any condition(s) of release.

### Additional Conditions of Release

        Upon finding that release by one of the above methods will not itself reasonably assure the appearance of Defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of Defendant is subject to the conditions marked below:

( )    (7)  The Defendant is placed in the custody of:
            (Name of Person/organization) _____

            (Address) _____

            (Signature of Custodian) _____

9

who agrees (a) to supervise the Defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the Defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the Defendant violates any conditions of release or disappears.

**(X)**  **(8)  The Defendant shall:**

**(X) (a)  report to** <u>Pretrial Services</u>**, as directed.**

( ) (b)  execute a bond or an agreement to forfeit upon failing to appear as required, or for any violation of any condition(s) of release, the following sum of money or designated property:_____

( ) (c)  post with the court the following indicia of ownership of the above-described property: <u>documentation as set forth in "Recommended Procedure for the Posting of Real Property as Security for Defendant's Appearance Bond in Criminal Cases"</u>

( ) (d)  execute a bail bond with solvent sureties in the amount of $

**(X) (e)  maintain/actively seek employment and submit ongoing verification to Pretrial Services as directed.**

( ) (f)  maintain or commence an education program.

( ) (g)  surrender passport to Pretrial Services.

**(X) (h)  obtain no passport or any other travel documents.**

**(X) (i)  abide by the following restrictions on personal association or travel:** <u>**Travel is restricted to the District of Massachusetts and to/from the District of Colorado for court purposes without prior permission from the Probation and Pretrial Department.**</u>

( ) (j)  avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:

( ) (k)  undergo medical or psychiatric treatment and/or remain in an institution as follows: <u>as directed by the Probation and Pretrial Department.</u>

( ) (l)  return to custody each (week) day as of ___ o'clock after being released each (week) day as of

**(X) (m)  maintain residence and provide Probation with any new address.**

**(X) (n)  refrain from possessing a firearm, destructive device, or other dangerous weapons. All firearms to be removed from the house forthwith and the same certified to Pretrial Services.**

**(X) (o)  refrain from (X) any ( ) excessive use of alcohol.**

**(X) (p)  refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.**

**(X) (q)  submit to any method of testing required by the Pretrial Services Officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall refrain from obstructing or attempting to obstruct or tamper in any fashion with the efficiency and accuracy of any testing which is required as a condition of release.**

**(X) (r)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the Pretrial Services Officer.**

( ) (s)  participate in one of the following home confinement program components. Defendant shall refrain from obstructing or attempting to obstruct or tamper in any fashion with the efficiency and accuracy of any electronic monitoring equipment which is required as a condition of release and shall abide by all the requirements of the home confinement program which (X) will or ( ) will not include the following location verification system: (X) electronic monitoring bracelet OR ( ) Voice Identification system:

   ( ) (i)  **Curfew**. You are restricted to your residence every day ( ) from___ to___, or ( ) as directed by the Pretrial Services Officer; or,

   ( ) (ii)  **Home Detention**. You are restricted to your residence at all time except as pre-approved by the court; or,

   ( ) (iii)  **Home Incarceration**. You are restricted to your residence at all times except as pre-approved by the court.

( ) (t)  make payments toward a fund which can ultimately be used to compensate appointed counsel, as required in the companion order issued in this matter pursuant to 18 U.S.C. § 3006A.

( ) (u)  submit to the location monitoring installed in the home by Probation and Pretrial Services and abide by all of the program requirements and instructions provided by the pretrial services office or supervising officer related to the proper operation of the technology.

   ( ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

( ) (v)  I acknowledge that a warrant for my arrest has been signed by an authorized judicial officer and is being held in abeyance. The warrant may be activated without notice to me if I abscond in violation of the conditions of my release on electronic monitoring.

( ) (w)  Defendant is not to associate with any convicted felon(s) or person(s) engaged in criminal activity.

### Advise of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of any crime while on pre-trial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to five years of imprisonment, and a $250,000 fine or both to intimidate of attempt to intimidate a witness, victim, juror, informant or officer of the court, or to obstruct a criminal investigation.  It is also a crime punishable by up to ten years of imprisonment, a $250,000 fine or both, to tamper with a witness, victim or informant, or to retaliate against a witness, victim or informant, or to threaten or attempt to do so.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service and additional punishment may be imposed.  If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both;

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

I acknowledge that I am the Defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed.  I am aware of the penalties and sanctions set for above.

Signature of Defendant

Telephone Number  413·834·2576

### Directions to United States Marshal

(X)     **The Defendant is ORDERED released after processing.**

( )     The United States marshal is ORDERED to keep the Defendant in custody until notified by the clerk or judicial officer that the Defendant has posted bond and/or complied with all other conditions for release. The Defendant shall be produced before the appropriate judicial at the time and place specified, if still in custody.

Date:  February 26, 2019

KATHERINE A. ROBERTSON
United States Magistrate Judge

Case 1:19-cr-00054-RM   Document 10   Filed 04/15/19   USDC Colorado   Page 23 of 29
Case 3:19-mj-00047-KAR   Document 7   Filed 03/04/19   Page 12 of 14
Case 1:19-cr-00054-WYD *SEALED*   Document 2   Filed 02/05/19   USDC Colorado   Page 1 of 1

AO 442 (Rev. 01/09)  Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| LILY WHEELER | ) | |
| | ) | |
| _Defendant_ | ) | |

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_    LILY WHEELER                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment      ☐ Superseding Indictment      ☐ Information      ☐ Superseding Information      ☐ Complaint
☐ Probation Violation Petition      ☐ Supervised Release Violation Petition      ☐ Violation Notice      ☐ Order of the Court

This offense is briefly described as follows:

49 U.S.C. § 46504 - - Interference with Flight Crew Members and Attendants

Date:    2/5/2019                                                 s/E. Van Alphen,  Deputy Clerk
                                                                         _Issuing officer's signature_

City and state:    Denver, Colorado                    Jeffrey P. Colwell, Clerk of Court
                                                                         _Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_  02-14-19 , and the person was arrested on _(date)_  02-26-19 at _(city and state)_  Springfield, MA . |
| Date:  02-26-11 |
| _Arresting officer's signature_ |
| SA  C. Will Ruprecht |
| _Printed name and title_ |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:19-cr-054 (WYD) |
| | Case No. 19-mj-3047-KAR |
| v. | |
| LILY WHEELER a/k/a LILY RESKE, | |
| Defendant. | |

## NOTICE OF POSSIBLE FEDERAL RULE OF CRIMINAL PROCEDURE RULE 20(a) REQUEST FOR TRANSFER FOR PLEA AND SENTENCE

Defendant Lily Reske (previously known by her unmarried name of Lily Wheeler) had an initial appearance pursuant to Fed. R. Crim. P. 5(c)(2) & (3) in the District of Massachusetts before the undersigned on February 26, 2019.  She is charged by indictment with two counts of interfering with the duties of a flight member or flight attendant by assaulting or intimidating that flight attendant or flight member on or about August 4, 2017 in violation of 49 U.S.C. § 46504. The government produced a reliable copy of the warrant and the defendant waived her right to an identity hearing in this district.  The undersigned found that the defendant was the individual named in the warrant and the indictment.  After hearing, the court released the defendant on pretrial conditions.  No date was established for her initial appearance in Colorado.

1

At the defendant's initial appearance, through counsel, she informed the court that she might seek a transfer of the case to the District of Massachusetts for plea and sentence pursuant to Fed. R. Crim. P. 20(a).  She requested that her initial appearance in Colorado be delayed to a date after March 14, 2019 so that her attorney could confer with the United States Attorneys for the Districts of Colorado and Massachusetts concerning a possible Rule 20 transfer for plea and sentencing.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

Dated: February 26, 2019

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**UNITED STATES OF AMERICA**

**V.**                                     **Case No.  1:19-cr-054 (WYD)**

**LILY WHEELER**                **Case No. 19-mj-3047-KAR**
**a/k/a LILY RESKE**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>JOINT STATUS REPORT</u>

Pursuant to this Court's Order on February 26, 2019 (*see* Dkt. No. 5, Electronic Clerk's Notes), the Defendant, Lily Wheeler, a/k/a Lily Reske, ("Defendant") by and through her attorney, Luke Ryan, Esq., and the United States of America, by Andrew E. Lelling, United States Attorney for the District of Massachusetts, and hereby submit the following joint status report.

On March 11, 2019, counsel for Defendant spoke with Assistant U.S. Attorney Justin DeRosa (for the District of Colorado). On March 13, 2019, counsel for Defendant conferred with Assistant U.S. Attorney Christopher Morgan (for the District of Massachusetts) by email. Both discussions concerned a possible Rule 20 transfer from Colorado to Massachusetts.

The parties agreed to, and hereby request, an additional two weeks to consider whether to pursue a Rule 20 transfer and file a follow-up status report.

Respectfully submitted,

THE DEFENDANT

By:   /s/  Luke Ryan
Luke Ryan, Esq., BBO#664999
SASSON, TURNBULL, RYAN &
HOOSE
100 Main Street
Northampton, MA  01060
(413) 586-4800
(413) 582-6419 (fax)
lryan@strhlaw.com

ANDREW E. LELLING
UNITED STATES ATTORNEY

By: /s/ Christopher Morgan
CHRISTOPHER MORGAN
Assistant U.S. Attorney
BBO No. 666679
United States Attorney's Office
300 State Street, Suite 230
Springfield, MA 01105
(413) 785-0269
christopher.morgan2@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this Status Report, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and a copy will be sent by electronic mail to Assistant US Attorney Justin DeRosa on March 14, 2019.

/s/ Luke Ryan
Luke Ryan, Esq.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**UNITED STATES OF AMERICA**

      **V.**                          **Case No.  1:19-cr-054 (WYD)**

**LILY WHEELER**             **Case No. 19-mj-3047-KAR**
**a/k/a LILY RESKE**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT STATUS REPORT

Pursuant to this Court's February 26, 2019 and March 14, 2019 orders (*see* Dkt. No. 5, Electronic Clerk's Notes; Dkt. No. 11, Electronic Endorsed Order), the Defendant, Lily Wheeler, a/k/a Lily Reske ("Defendant"), by and through her attorney, Luke Ryan, Esq., and the United States of America, by Andrew E. Lelling, United States Attorney for the District of Massachusetts, hereby submit the following joint status report:

1.      The District of Colorado has set Defendant's arraignment for April 18, 2019, at 2 p.m. in front of Magistrate Judge N. Reid Neureiter in Courtroom 205 of the Byron Rogers Courthouse, which is located at 1929 Stout St. in Denver, CO 80294.

2.      The parties continue to explore the possibility of a Rule 20 transfer, but no agreement has been reached at this time.

3.      The government requests that the Court issue an order directing the Defendant to appear in the District Court for the District of Colorado on April 18, 2019, for her arraignment.

4.      The government further requests, to the extent that it has not already occurred, that this Court forward a copy its file to the Court in Colorado, at 1929 Stout Street; Denver, CO 80294, Docket No. 1:19-CR-00054-WYD.

Respectfully submitted,

THE DEFENDANT

By:   /s/   Luke Ryan
Luke Ryan, Esq., BBO#664999
SASSON, TURNBULL, RYAN &
HOOSE
100 Main Street
Northampton, MA  01060
(413) 586-4800
(413) 582-6419 (fax)
lryan@strhlaw.com

ANDREW E. LELLING
UNITED STATES ATTORNEY

By: /s/ Christopher Morgan
CHRISTOPHER MORGAN
Assistant U.S. Attorney
BBO No. 666679
United States Attorney's Office
300 State Street, Suite 230
Springfield, MA 01105
(413) 785-0269
christopher.morgan2@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of March, 2019, this Status Report, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and a copy will be sent by electronic mail to Assistant US Attorney Justin DeRosa.

/s/ Luke Ryan
Luke Ryan, Esq.